Citation Nr: 1045619 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 07-26 864 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, 
Florida


THE ISSUE

Entitlement to service connection for head trauma with residual 
migraines, chronic vision problems, and tinnitus.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

R. Morales, Associate Counsel





INTRODUCTION

The Veteran had active service from July 1978 to July 1981 and 
from April 1982 to April 1984.

This appeal comes before the Board of Veterans' Appeals (Board) 
on appeal from a July 2005 rating decision of the Department of 
Veterans affairs (VA) Regional Office (RO) in St. Petersburg, 
Florida. The appeal was remanded for additional development in 
June 2009.

Please note this appeal has been advanced on the Board's docket 
pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. 
§ 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the appellant if 
further action is required.


REMAND

The Veteran has consistently reported that he was hit in the head 
with the butt of a rifle during basic training in 1948 and was 
dazed for about five minutes. He reported that it took two to 
three weeks for him to feel normal again, and that he has 
experienced headaches, vision problems, and ringing in his ears 
since that time. He stated that he did not go to sick call 
because his commanding officer had ordered his men not to "waste 
time" in sick call. The Veteran can attest to factual matters of 
which he had first-hand knowledge, such as being hit in the head 
in service and experiencing problems thereafter. See Washington 
v. Nicholson, 19 Vet. App. 362, 368 (2005). In such cases, the 
Board is within its province to weigh that testimony and to make 
a credibility determination as to whether the evidence supports a 
finding of service incurrence and continuity of symptomatology 
sufficient to establish service connection. See Barr v. 
Nicholson, 21. Vet. App. 303 (2007). Here, the Board finds the 
Veteran's reports of an in service head injury, and headaches, 
vision problems, and ringing in his ears continuously since that 
injury, are credible evidence in support of his claim.

The Veteran was afforded three separate VA examinations in an 
attempt to determine the nature and etiology of the claimed head 
trauma and residuals: an audiological examination, a visual 
examination, and a neurological examination. The audiological and 
visual examiners felt that this was beyond the area of expertise 
and declined to offer an opinion. The neurological examiner 
declined to offer an opinion on the tinnitus aspect. Based on the 
lack of in service treatment for a head injury, the neurological 
examiner found that migraines and any eye disorder were not 
related to service. The neurological examiner failed to discuss 
the Veteran's reports of an inservice head injury and continuous 
symptoms thereafter. The Board observes that opinions, such as 
that rendered by the above VA examiners, in which a physician is 
unable to opine regarding any causal connection between a 
Veteran's current complaints and his period of service lack 
probative value. Sklar v. Brown, 5 Vet. App. 140 (1993). 

Once VA has provided a VA examination, it is required to provide 
an adequate one, regardless of whether it was legally obligated 
to provide an examination in the first place. Barr, supra. If a 
VA examination is inadequate, the Board must remand the case. A 
medical examination report must contain not only clear 
conclusions with supporting data, but also a reasoned medical 
explanation connecting the two. See Nieves- Rodriguez v. Peake, 
22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 
124 (2007). The Board finds that the Veteran is entitled to a 
neurological examination which discusses the fact that the 
Veteran had provided credible evidence of an in service head 
injury and of continuous symptoms ever since. See McLendon v. 
Nicholson, 20 Vet. App. 79 (2006) (VA must provide a medical 
examination when it is necessary to decide the claim).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's 
docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited 
handling is requested.)

1. The Veteran should be afforded a 
neurological examination to determine the 
etiology of the Veteran's visual problems 
(diagnosed as retinal/visual migraines), 
claimed tinnitus, migraines, and any other 
residuals of the Veteran's head trauma in 
service. The claims folder and a copy of this 
remand should be made available to the 
examiner for review prior to the examination. 
The examiner should indicate whether or not 
the claims folder was reviewed.

The examiner should be advised that the 
Veteran's reports of an in service head 
injury and headaches, vision problems, and 
ringing in his ears continuously thereafter 
should be treated as credible evidence that 
these events and symptoms occurred. The 
examiner should conduct a complete history 
and physical, identifying all current 
neurologic symptomatology of the head, to 
include migraines, visual problems, and 
tinnitus. For each condition identified, he 
should provide an opinion as to whether they 
are at least as likely as not (50 percent or 
better probability) related to the head 
injury in service, or otherwise to service.

In reaching a conclusion, the examiner should 
discuss the Veteran's reported continuous 
symptoms of headaches, vision problems, and 
ringing in his ears. If a negative conclusion 
is reached, the examiner should explain why 
these symptoms are not related to the head 
injury in service or otherwise related to 
service.

2. Upon completion of all requested 
development, review the Veteran's claim based 
on the new evidence. Should the benefits 
sought on appeal remain denied, the Veteran 
and his representative should be provided 
with a supplemental statement of the case. An 
appropriate period of time should be allowed 
for response.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) 
(2010).